[747 NYS2d 529]

In the Matter of Teddy Israel Moore (Admitted as Israel Teddy Moore), an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, September 16, 2002

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The predicates for the petitioner's motion to impose reciprocal discipline upon the respondent are an order of the Supreme Court of the United States, dated May 22, 2000, disbarring the respondent, and an opinion and order of the United States District Court for the Southern District of New York, dated November 8, 2001, finding that the discipline imposed by the Supreme Court of the United States was fully justified and directing that the respondent's name be removed from the roll of practicing attorneys.

The petitioner served the respondent with a notice pursuant to 22 NYCRR 691.3 apprising him of his right within 20 days, to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c).

Although personally served with the petitioner's notice pursuant to 22 NYCRR 691.3 on April 23, 2002, the respondent failed to submit a statement to the Court. The respondent submitted a verified statement dated May 2, 2002, to the petitioner in which he maintained, inter alia, that it is inherently devoid of due process when the complainant, prosecutor, judge, jury, and executioner is one and the same person. The respondent claimed that the accusations against him were so vague as to preclude his ability to assert a meritorious defense and that the decision of the Supreme Court of the United States violates the United States Constitution.

22 NYCRR 691.3 (d) provides that no reciprocal discipline shall be imposed without affording an attorney the opportunity to have a hearing where that attorney shall have duly filed both his verified statement setting forth any of the enumerated defenses and his written demand for a hearing. In this case, the respondent has not even provided the Court with a copy of his verified statement. The respondent has neither asserted any of the enumerated defenses to the imposition of reciprocal discipline nor made a written demand for a hearing pursuant to 22 NYCRR 691.3 (d). Accordingly, the petitioner's motion to impose reciprocal discipline is granted.

Under the circumstances, the respondent is disbarred in New York based upon the disciplinary action taken by the federal courts.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Teddy Israel Moore, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Teddy Israel Moore, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.